MICHAEL K. PORTER, OSB #211377
Sr. Deputy City Attorney
mike.porter@portlandoregon.gov
Portland City Attorney's Office
1221 SW 4th Ave., Rm. 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
*Of Attorneys for Defendants City of Portland,
Matthew Brown, David Arnaut, and Caleb Honl*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **NORMAN WICKS SR AND NORMAN WICKS JR,** | 3:22-cv-00446-HZ |
| PLAINTIFFS, | **DEFENDANT CITY OF PORTLAND'S MOTION TO COMPEL DEPOSITION ANSWERS OF PLAINTIFF NORMAN WICKS JR** |
| v. | |
| **CITY OF PORTLAND, MATTHEW BROWN, CRAIG LEHMAN, DAVID ARNAUT, and CALEB HONL,** | Request for Oral Argument |
| DEFENDANTS. | |

### ORAL ARGUMENT REQUESTED

Defendant City of Portland ("City") requests oral argument on its Motion to Compel Discovery and Deposition Answers of Plaintiff Norman Wicks Jr. ("Motion"). The time estimated is 30 minutes.

### L.R. 7-1(C) Certification

Pursuant to Local Rule 7-1(A), counsel for the City represents that he conferred with counsel for Plaintiff Norman Wicks Jr. ("Plaintiff or Mr. Wicks Jr.") making a good-faith effort to resolve the dispute without success.

Page  1  –   DEFENDANT CITY OF PORTLAND'S MOTION TO COMPEL DEPOSITION
ANSWERS OF PLAINTIFF NORMAN WICKS JR

I.  **MOTION**

Pursuant to Fed. R. Civ. P. 37, Fed. R. Civ. P. 30, and L.R. 37, the City moves the Court to compel Plaintiff Norman Wicks Jr. to appear for deposition.

II. **FACTUAL BACKGROUND**

This case arises from the Plaintiffs' allegations that Portland Police Bureau officers lacked probable cause and acted with improper motive when, in 2022, they obtained a warrant as part of a criminal investigation, resulting in the seizure of the Plaintiffs' vehicle. Additionally, in 2023, the Portland Bureau of Transportation (PBOT) towed another vehicle under the authority of a Portland City Ordinance. Plaintiffs further allege that Mr. Wicks Sr. was treated improperly following the two seizures, including being taken to the hospital for treatment while his primary caregiver, Mr. Wicks Jr., was being processed after arrests for failing to report his new address as required by a previous criminal conviction.

On March 29, 2024, the City served Plaintiff Norman Wicks Jr. with Defendant City of Portland's Notice of Video Deposition of Norman Wicks Jr. (Declaration of Michael Porter ("Porter Decl."), ¶ 2; Ex. 1.) On April 30, 2024, the night before the deposition, counsel for Plaintiffs canceled Plaintiff Wick Jr.'s deposition asserting concerns related to his Fifth Amendment rights. (*Id.*, ¶ 3; Ex. 2.) In the following days, counsel conferred about next steps and discussed alternatives to a motion to compel Mr. Wicks Jr. to attend his deposition. Unfortunately, the conferral did not result in a path forward and shortly thereafter Plaintiffs' counsel requested leave to withdraw from the case. (ECF 85.) On May 14, 2024, this Court granted their motion. (ECF 86.) Plaintiffs' counsel provided a P.O. Box and residential address as a point of contact for Plaintiffs. (Porter Decl., ¶ 4; Ex. 3.) On May 16, 2024, City of Portland sent letters to both addresses informing Mr. Wicks Sr. of the pending discovery deadline and offering to engage in any discovery he recommended prior to the

Page 2 –   DEFENDANT CITY OF PORTLAND'S MOTION TO COMPEL DEPOSITION
            ANSWERS OF PLAINTIFF NORMAN WICKS JR

deadline and asking that he provide responses to outstanding requests from the City. (*Id.*, ¶5; Ex. 4.) Another letter, this one to Mr. Wicks Jr., was sent to both addresses notifying him of the conferrals conducted with his attorneys, requesting that he immediately submit to deposition, and notifying him of the fact that the City would seek a motion to compel his compliance pursuant to FRCP 37. (*Id.*, ¶ 6; Ex. 5.) Additionally, that should he refuse to timely attend his deposition, Defendants would seek a dismissal of his claims. (*Id.*)

The undersigned spoke with Plaintiffs' counsel by email on or about April 30, 2024, and again on May 3, 2024. Finally, the parties met via Zoom on May 1 and 9, 2024, and discussed the matters identified in the letter to Mr. Wicks Jr. (*Id.*, ¶ 7.)

On May 21, 2024, the undersigned spoke with Mr. Wicks Sr., who acknowledged receipt of the May 16, 2024 letter. Mr. Wicks Sr. expressed intent to ask the Court to appoint counsel and to seek a stay of current deadlines pending the appointment of counsel. (Porter Decl., ¶ 8; Ex. 4.) It was unclear whether Mr. Wicks Sr. intended to speak for Mr. Wicks Jr. as well. As of May 23, 2024, Mr. Wicks Jr. has not contacted the undersigned regarding the May 16, 2024, letter addressed to him. (Porter Decl., ¶ 9; Ex. 5.)

The City now brings this motion to compel Plaintiff Wicks Jr.'s testimony.

### III. POINTS AND AUTHORITIES

#### A. Standard of Review

FRCP 30(a) allows a party to take depositions and the Fifth Amendment can be asserted in any proceeding, civil or criminal. *Campbell v. Gerrans*, 592 F.2d 1054, 1057 (9th Cir. 1979). When a plaintiff deponent invokes the Fifth, the defendant may move to compel a response as a matter of the defendant's right to basic discovery. The question to be determined by the court is whether the Fifth Amendment affords a valid "privilege" to avoid answering the question under

Page  3  –   DEFENDANT CITY OF PORTLAND'S MOTION TO COMPEL DEPOSITION
                ANSWERS OF PLAINTIFF NORMAN WICKS JR

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

the circumstances present in the pending matter. "In civil cases, an individual may invoke the privilege if he reasonably believes his answers could be used in a criminal prosecution or lead to other evidence that could be used in a criminal prosecution." *Englebrick v. Worthington Indus., Inc.*, 670 F. Supp. 2d 1048, 1050 (C.D. Cal. 2009). This is a "possibility" test, not a "likelihood" test, and only concrete prohibitions on a potential prosecution—like double jeopardy, statute of limitations—will suffice to show no possibility. The possibility of incrimination must be "substantial and real." *United States v. Rubio-Topete*, 999 F.2d 1334, 1338 (9th Cir. 1993). However, blanket invocations are improper, rather Plaintiff must invoke on a question-by-question basis. *Lyons v. Johnson*, 415 F.2d 540, 542 (9th Cir. 1969). FRCP 37(a) allows a party to move to compel discovery and FRCP 37(b and d) contemplate dismissal as a potential remedy for refusing to sit for one's own deposition. When a party moves to compel discovery, the court has " broad discretion * * * to permit or deny discovery . . . ." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

  **B.** **<u>Analysis</u>**

  The City has attempted to take Plaintiff Wick Jr.'s deposition. Proper notice was provided and a date set for May 1, 2024. (Porter Decl., ¶ 2, Ex. 1.) After the deposition of Mr. Wicks Sr. concluded on April 30, 2024, Plaintiffs' counsel informed the City that Mr. Wicks Jr. would not attend his deposition, scheduled for the next day, citing to his Fifth Amendment right against self-incrimination. (*Id.*, ¶ 3, Ex. 2.) Counsel for the parties agreed to meet and discuss possible solutions and the prospect that if Mr. Wicks Jr. persisted in his blanket invocation of his Fifth Amendment right against self-incrimination, that Defendants would seek to dismiss his claims. Before the matter could be resolved, Plaintiffs' counsel withdrew, and Plaintiffs now appear *pro se*. Plaintiff Wicks Jr. has not withdrawn or modified his objection to being deposed.

Page  4 –  DEFENDANT CITY OF PORTLAND'S MOTION TO COMPEL DEPOSITION
     ANSWERS OF PLAINTIFF NORMAN WICKS JR

While he may invoke his Fifth Amendment rights he may not, under the law, refuse to answer any questions whatsoever and expect to be allowed to pursue his claims. *U.S. v. Rubio-Topete*, 999 F2d 1334 (9th Cir. 1993).

The discovery deadline in this matter has been extended to June 21, 2024, and per the Court's order, no further extension will be granted. (ECF 84). The City brings this motion out of concern that it will be unable to depose Plaintiff Wicks Jr. prior to the expiration of the discovery deadline. The City requests an Order from the Court compelling Plaintiff Wick Jr.'s testimony. Should Mr. Wicks Jr. refuse to make himself available, the City seeks the sanction of dismissal of Plaintiff Wicks Jr.'s claims against Defendants with prejudice.

## IV.   CONCLUSION

Based on the forgoing, the City moves the Court to compel the deposition of Plaintiff Norman Wicks Jr. on or before June 21, 2024. Should Plaintiff again refuse to be deposed, the City moves for dismissal of Plaintiff Norman Wicks Jr.'s claims against Defendants with prejudice as a sanction.

DATED: May 24, 2024

Respectfully submitted,

*/s/ Michael K. Porter*
MICHAEL K. PORTER, OSB #211377
Sr. Deputy City Attorney
Email: mike.porter@portlandoregon.gov
*Of Attorneys for Defendants City of Portland, Matthew Brown, David Arnaut, and Caleb Honl*

Page  5 –   DEFENDANT CITY OF PORTLAND'S MOTION TO COMPEL DEPOSITION ANSWERS OF PLAINTIFF NORMAN WICKS JR

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
TELEPHONE: (503) 823-4047
FAX: (503) 823-3089

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT CITY OF PORTLAND'S MOTION TO COMPEL DEPOSITION ANSWERS OF PLAINTIFF NORMAN WICK JR on:

> Norman Wicks, Jr.
> P.O. Box 29115
> Portland, OR  97209

> Norman Wicks, Jr.
> 2017 NW Vaughn
> Portland, OR  97209
>     *Plaintiff Pro Se*

> Norman Wicks, Sr.
> P.O. Box 29115
> Portland, OR  97209

> Norman Wicks, Sr.
> 2017 NW Vaughn
> Portland, OR  97209
>     *Plaintiff Pro Se*

on May 24, 2024, by causing a full, true and correct copy thereof, addressed to the last-known address (or fax number) of said Plaintiffs, to be sent by the following method(s):

☒ by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by **hand delivery.**

☐ by **email** pursuant to LR 9-2(b).

☐ by **facsimile transmission.**

DATED: May 24, 2024

Respectfully submitted,

*/s/ Michael K. Porter*
MICHAEL K. PORTER, OSB #211377
Sr. Deputy City Attorney
Email: mike.porter@portlandoregon.gov
*Of Attorneys for Defendants City of Portland, Matthew Brown, David Arnaut, and Caleb Honl*

Page 1  –  CERTIFICATE OF SERVICE